**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4354

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY LAMONT CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00117-TDS-1)

Submitted:  June 26, 2024                    Decided:  August 15, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Lamont Carter pleaded guilty to destruction by fire of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i). At sentencing, the district court designated Carter a de facto career offender based on two prior convictions not counted in calculating the initial advisory Sentencing Guidelines range and established a career offender Guidelines range of 151 to 188 months' imprisonment. The district court sentenced Carter to 151 months' imprisonment, stating the sentence would be appropriate as a variance even if Carter were not a de facto career offender.

On appeal, Carter challenges this prison term, arguing that the district court erred by designating him a de facto career offender because his current conviction of federal arson under § 844(i) does not constitute a crime of violence under the Guidelines. Carter also maintains that under the district court's variance statement, the sentence is substantively unreasonable because the de facto career offender analysis factored into the district court's reasoning. We affirm.

"As a general matter, in reviewing any sentence 'whether inside, just outside, or significantly outside the Guidelines range,' we apply a 'deferential abuse-of-discretion standard.'" *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "We first review for procedural errors; if and only if, we find no such procedural errors may we assess the substantive reasonableness of a sentence." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (cleaned up). In evaluating the procedural reasonableness of a sentence, we assess whether the district court "improperly calculate[ed] the Guidelines range, fail[ed] to consider the [18 U.S.C.]

2

§ 3553(a) factors, or fail[ed] to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

"It is well established that we will not vacate a sentence if we determine that the district court's [potentially] improper calculation of the Guidelines advisory sentencing range [is] harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). As the Government suggests, we need not resolve Carter's challenges to the district court's de facto career offender Guidelines ruling but may instead "proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *Mills*, 917 F.3d at 330 (cleaned up).

Here, the first prong of the inquiry is easily met. The district court stated after imposing the 151-month sentence that it would have chosen that sentence had the de facto career offender designation not applied and noted that it rejected a sentence less than 151 months because of the need to respect the law, the need for adequate deterrence, and the need to protect the public. *See id.* (noting that "[t]he record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range" and concluding that court's statement that particular prison term was one it would have imposed even had another Guidelines range been applicable met the first prong of the inquiry (cleaned up)). "We therefore proceed to the second prong of the

3

inquiry, whether the district court's sentence [is] substantively reasonable." *Id.* at 331 (cleaned up).

In reviewing the substantive reasonableness of a variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). Although "a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (cleaned up). Because our review ultimately is for abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In this posture, even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (cleaned up).

Applying these principles, we conclude that Carter's 151-month prison term does not amount to an abuse of discretion under the totality of the circumstances. The district court provided a sufficiently detailed explanation of the applicable § 3553(a) factors motivating its chosen sentence, focusing primarily on the serious nature and circumstances of Carter's offense conduct, the parallel circumstances to a prior state court arson conviction, the need to protect the public from the danger posed by Carter as evidenced by his many prior convictions, and his failure to be deterred. The court explained that it chose

4

the sentence to promote deterrence and to reflect the extraordinarily serious and disturbing nature of Carter's criminal conduct.  In sum, the district court acted within its discretion in determining that the applicable sentencing factors warranted a 151-month prison term, regardless of any error in the application of the de facto career offender designation.  *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating that "it was well within the [district] court's discretion to accord more weight to the host of aggravating factors and decide that the sentence imposed would serve the § 3553 factors, on the whole (internal quotation marks omitted)).

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*